EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2020 TSPR 126 |
| Wilfredo Da Silva Arocho | 205 DPR _____ |

Número del Caso:  TS-12,888

Fecha:  20 de octubre de 2020

Abogado de la parte peticionaria:

      Por derecho propio

Materia:  Reinstalación al ejercicio de la abogacía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    12,888

Wilfredo Da Silva Arocho


RESOLUCIÓN


San Juan, Puerto Rico, a 20 de octubre de 2020.

Examinadas la *Moción complementaria a moción de reinstalación a la abogacía, Segunda moción complementaria y Urgente moción sobre certificación de estatus del PEJC y otros extremos* presentadas por el Sr. Wilfredo Da Silva Arocho, se declara con lugar la solicitud de reinstalación a la abogacía.

En consecuencia, se le ordena a la Secretaría de este Tribunal registrar el cambio de estatus a abogado activo en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Se le advierte al licenciado Da Silva Arocho que se reactivan la Queja AB-2011-321 y la Querella CP-2013-23.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión:

"El Juez Asociado señor Martínez Torres

denegaría la solicitud en esta etapa y solo la consideraría luego de que se adjudiquen los asuntos disciplinarios pendientes contra el peticionario, Queja AB-2011-321 y la Querella CP-2013-23. Sigo sin comprender cómo es que una persona es reinstalada con esos procesos pendientes por adjudicar, pero alguien que pide ser instalado por vez primera con quejas similares ante la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía no es admitido hasta que esos asuntos se adjudiquen. Creo que hay que darle el mismo trato a ambos, en protección del interés público. Es tiempo de que este Tribunal reconsidere su proceder, pues el abogado que voluntariamente provocó su suspensión indefinida no tiene derecho a una reinstalación automática".


José Ignacio Campos Pérez
Secretario del Tribunal Supremo